IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| FARMACY, LLC, | ) |  |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-1318-D |
| | ) | |
| CATHY KIRKPATRICK, in her Official | ) | |
| Capacity as the Executive Director of THE | ) | |
| OKLAHOMA BOARD OF VETERINARY | ) | |
| MEDICAL EXAMINERS, and THE | ) | |
| STATE OF OKLAHOMA *ex rel*. THE | ) | |
| OKLAHOMA BOARD OF VETERINARY | ) | |
| MEDICAL EXAMINERS, | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

The Court has examined Defendants' Notice of Removal [Doc. No. 1] and Plaintiff's Motion for Preliminary Injunction [Doc. No. 6], and elects to raise *sua sponte* the issue of whether federal abstention is appropriate.

Plaintiff seeks by its Motion to "prevent Defendants from their continued efforts to assert jurisdiction/control over Plaintiff," consistent with the claims asserted in Plaintiff's state court petition that the Oklahoma State Board of Veterinary Medical Examiners (the "Board") has promulgated and implemented certain rules, and taken certain enforcement actions, in excess of its statutory authority under the Oklahoma Veterinary Practice Act, Okla. Stat. tit. 59, § 698.1 *et seq*. *See* Pl.'s Mot. Prelim. Inj. [Doc. No. 6], p.16 (hereafter, "Pl.'s Motion"); *see also* Petition [Doc. No. 1-2], pp. 16-20. Plaintiff recites in its Motion a lengthy history of prior proceedings between the parties, and states: "Although the Notice

of Removal is deficient in many respects, Plaintiff agrees not to seek remand of this case back to the District Court of Oklahoma County." *See* Pl.'s Motion, p.16. Notwithstanding Plaintiff's strategic decision not to oppose Defendants' removal of this case to federal court, which was effected on the eve of a state court hearing on Plaintiff's request for preliminary injunctive relief from that court, this Court questions whether parallel state and federal court litigation regarding the validity of the Board's rules and adjudicative actions should proceed simultaneously, particularly in light of the nature of this proceeding and the principles of federalism discussed *infra*.

The procedural history recited by Plaintiff, which is supported by publicly available state court records, shows that Plaintiff's claims of *ultra vires* action by the Board have been the subject of prior state administrative and judicial proceedings. The most recent civil action (before the filing of this case) was Plaintiff's appeal of a final decision of the Board pursuant to the Oklahoma Administrative Procedures Act, Okla. Stat. tit. 75, § 250 *et seq*. The action resulted in a district court judgment in Plaintiff's favor on October 12, 2015, setting aside a September 2014 order of the Board that imposed sanctions against Plaintiff for alleged violations of rules and policies that are also challenged in this action. Defendants filed an appeal on November 9, 2015, and state court records show the Oklahoma Supreme Court recently granted a motion to retain jurisdiction of the appeal. *See Farmacy, LLC v. Kirkpatrick*, No. DF-114417, Order (Okla. Dec. 4, 2015), http://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=DF-114417 (last visited Dec. 9, 2015).

Shortly after the appeal was taken, Plaintiff filed on November 23, 2015, this separate action for a declaratory judgment that the Board's challenged rules and policies are invalid and, if invalidity is found, for an injunction against any further enforcement action by the Board against Plaintiff. *See* Petition [Doc. No. 1-2], ¶¶ 56, 67, 74, 76. The issues in this case appear to overlap substantially with the issues presented in the prior litigation and would expand upon Plaintiff's position, successfully asserted in the prior case, that the Board has exceeded its statutory authority and created a conflict of jurisdiction between its rules and rules promulgated and enforced by the Oklahoma State Board of Pharmacy under the Oklahoma Pharmacy Act, Okla. Stat. tit. 59, § 353 *et seq*.

It is well-settled that a federal district court has discretionary authority to decline to hear a declaratory judgment action and to dismiss or abstain from deciding it, regardless of the existence of subject matter jurisdiction over the action.[1] By federal statute, 28 U.S.C. § 2201(a), district courts are empowered but not obliged to hear declaratory judgment actions; whether to entertain a justiciable declaratory judgment action is a question committed to the sound discretion of district courts. *See Wilton v. Seven Falls Co*., 515 U.S. 277, 288-89 (1995) (statute vests district courts with discretion "because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within their grasp"). "[T]he propriety of declaratory relief in a particular case will

---

[1] Defendants assert the existence of federal question jurisdiction under 28 U.S.C. § 1331 based on Plaintiff's allegation that the Board has issued invalid administrative subpoenas or demands for records that constitute unauthorized searches or seizures in violation of the Fourth Amendment. This allegation appears to assume that Plaintiff's claim of *ultra vires* action by the Board has merit.

3

depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power." *Id*. at 287 (internal quotation omitted). To guide district courts in exercising this broad discretion, the court of appeals has identified relevant factors for consideration:

> "[1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to *res judicata*; [4] whether use of a declaratory judgment action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective."

*Mid-Continent Cas. Co. v. Village at Deer Creek Homeowners Ass'n , Inc.*, 685 F.3d 977, 980-81 (10th Cir. 2012) (quoting *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)); *accord St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995).

The factual and procedural background set forth in Plaintiff's pleading and its Motion draw into question whether the Court should entertain this declaratory judgment action between Plaintiff and the Board even in the presence of jurisdiction. Plaintiff seeks in this case to determine the parties' rights under state law and to declare the invalidity of regulatory actions taken by a state administrative body empowered by state law to exercise certain statutory and executive powers. The Court's decision of these issues during the pendency of a proceeding before the Oklahoma Supreme Court presenting similar issues, implicates concerns of comity and judicial efficiency. A federal court decision of the issues may cause

undue federal interference in a state regulatory matter and judicial interpretation of state laws by state courts, particularly where, as here, the Oklahoma Supreme Court has already expressed its intention to decide the issues presented in the state case.

Were this Court to consider the *Mhoon* factors in light of the factual allegations of Plaintiff's pleading and the allegations and arguments presented in support of Plaintiff's Motion, the Court might well conclude that it should not decide Plaintiff's claims for a declaration of rights between the parties and an injunction against further enforcement at this time. However, some facts that are pertinent to an examination of the appropriate factors may not presently be reflected in the record before the Court. Further, the Court believes the parties are entitled to notice and an opportunity to be heard on the abstention issue. Accordingly, the Court will direct the parties to file simultaneous briefs addressing the issue of whether the Court, in the exercise of its discretion, should abstain from deciding the declaratory judgment action between Plaintiff and Defendants, at least at this juncture, and should dismiss the action without prejudice to refiling or stay the action pending the Oklahoma Supreme Court's disposition of Defendants' appeal.

The Court also invites the parties – as they deem appropriate based on their familiarity with the issues – to address the additional question of whether other federal abstention doctrines may apply. Specifically, the Court draws the parties' attention to, and invites them to brief the applicability of, any of the abstention doctrines listed in *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716-17 (1996). This case may present issues of whether appropriate

circumstances exist for abstention under *Railroad Commission v. Pullman Co.*, 312 U.S. 496 (1941); *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25 (1959); *Younger v. Harris*, 401 U.S. 37 (1971); or *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).[2]

IT IS THEREFORE ORDERED that Plaintiff and Defendants are directed to file simultaneous briefs within 14 days from the date of this Order on the issue of whether the Court should decline to hear Plaintiff' claims for declaratory relief and should abstain from further action in this case pending the disposition of Defendants' pending appeal.

IT IS SO ORDERED this 14th day of December, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] Although the *Younger* abstention doctrine was adopted to avoid interference with state criminal proceedings, it has been expanded to encompass civil and administrative proceedings as well. *See, e.g., Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001).